**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1997**

BINTOU JAWARA, a/k/a Ide Nji, a/k/a Awa Sillah,

            Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

            Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: March 28, 2013        Decided: April 25, 2013

Before KEENAN, DIAZ, and THACKER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Thomas V. Massucci, New York, New York, for Petitioner.  Stuart F. Delery, Principal Deputy Assistant Attorney General, Thomas B. Fatouros, Senior Litigation Counsel, Julie M. Iversen, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bintou Jawara, a native and citizen of The Gambia, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's order denying her applications for asylum and withholding of removal.[1] We deny the petition for review.

"Withholding of removal is available under 8 U.S.C. § 1231(b)(3) if the alien shows that it is more likely than not that her life or freedom would be threatened in the country of removal because of her race, religion, nationality, membership in a particular social group, or political opinion." Gomis v. Holder, 571 F.3d 353, 359 (4th Cir. 2009) (internal quotation marks omitted). "This is a more stringent standard than that for asylum . . . . [and], while asylum is discretionary, if an alien establishes eligibility for withholding of removal, the grant is mandatory." Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353-54 (4th Cir. 2006) (internal citations omitted) (alteration added).

A determination regarding eligibility for withholding of removal is affirmed if supported by substantial evidence on

---

[1] Jawara has affirmatively waived her challenge to the finding that her asylum application was frivolous. In addition, before the immigration judge, Jawara withdrew her application for relief under the Convention Against Torture.

the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact, including findings on credibility, are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). Legal issues are reviewed de novo, "affording appropriate deference to the [Board's] interpretation of the INA and any attendant regulations." Li Fang Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002).

Credibility findings are reviewed for substantial evidence. A trier of fact who rejects an applicant's testimony on credibility grounds must offer a "specific, cogent reason" for doing so. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989) (internal quotation marks omitted). "Examples of specific and cogent reasons include inconsistent statements, contradictory evidence, and inherently improbable testimony[.]" Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006) (internal quotation marks and citations omitted). Likewise, "the immigration judge cannot reject documentary evidence without specific, cogent reasons why the documents are not credible." Kourouma v.

3

Holder, 588 F.3d 234, 241 (4th Cir. 2009). An adverse credibility determination based on minor discrepancies or inconsistencies that do not go to the heart of an applicant's claim cannot constitute substantial evidence.[2] Dankam v. Gonzales, 495 F.3d 113, 122 (4th Cir. 2007); see also Chebchoub v. INS, 257 F.3d 1038, 1043 (9th Cir. 2001).

We conclude that substantial evidence supports the adverse credibility claims as it relates to Jawara's contention that she was the victim of female genital mutilation ("FGM"). The immigration judge found that Jawara's testimony regarding the events leading up to the FGM procedure was not consistent with her written statement. We conclude that the immigration judge's findings in this regard were not minor discrepancies but go to the core of Jawara's claim. See Dankam, 495 F.3d at 122 (details that surround the event that is the basis for the claim for relief are more than minor or trivial details). Other evidence in the record, such as the whereabouts of Jawara's husband, whether he was missing and when he first arrived in the United States, as well as evidence that raised questions about Jawara's true identity, are also not minor details and lend support to the adverse credibility finding.

---

[2] Jawara's application was filed prior to the effective date for The REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231.

4

We also conclude that Jawara's independent evidence did not support her claim. The immigration judge provided specific and cogent reasons for questioning the reliability of the doctor's letter that diagnosed Jawara as having FGM Type II. In addition, The State Department's Report on Female Genital Mutilation for The Gambia was not conclusive evidence that Jawara was the victim of FGM. Kourouma, 588 F.3d at 242.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED

5